UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN | : : : |
| CARRINGTON CAPITAL MANAGEMENT, LLC, Respondent/Petitioner | : : : |
| v. | : Case No. 3:06-cv-1665 (WWE) : |
| SPRING INVESTMENT SERVICES, INC., Claimant/Respondent. | : : |

**MEMORANDUM OF DECISION ON PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER APPROVING AND ADOPTING MAGISTRATE'S RECOMMENDED RULING OR, ALTERNATIVELY, FOR RELIEF FROM JUDGMENT OR, ALTERNATIVELY, TO SUPPLEMENT RECORD**

Petitioner has filed a motion asking the Court to reconsider its Order approving and adopting the Recommended Ruling of Magistrate Judge Fitzsimmons entered on September 27, 2007 (Doc. #40) based on petitioner's inability to file a reply before the Court's ruling. In the alternative, petitioner asks for relief from the judgment or to supplement the record on appeal. For the following reasons, the motion for reconsideration will be granted, and the motion for relief from the judgment or to supplement the record on appeal will be denied.

**FACTS**

The underlying facts and identities of the parties are set forth in Magistrate Judge Fitzsimmons' Recommended Ruling on Plaintiff Carrington's Petition to Compel Compliance with an Agreement to Arbitrate and Defendant Spring's Petition to Motion [sic] to Dismiss the Petition to Compel Arbitration, entered on August 3, 2007 (Doc.

1

#34). Following the filing by petitioner of an objection to Magistrate Judge Fitzsimmons' Recommended Ruling and a response by respondent, the Court entered its Order on September 27, 2007. On October 11, 2007, petitioner filed the instant motion.

The motion asks the Court to reconsider its Order in light of an attached reply that had not been submitted at the time of the Court's Order. In the alternative, petitioner asks for relief from the judgment under rule 60(b) of the Federal Rules of Civil Procedure or to supplement the record on appeal with the reply.

Respondent objects on the grounds that a party does not have the right under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure to file a reply in opposition to a magistrate judge's recommended ruling. Therefore, petitioner was not prejudiced by the Court's Order. Further, respondent alleges that petitioner has not expressed a valid reason under Rule 60(b) for relief from the Court's judgment. Finally, respondent claims that petitioner cannot have the Court enter the reply into the record on appeal because it was not omitted due to error or accident.

## DISCUSSION

### A. Motion for Reconsideration

Petitioner asks this Court to reconsider its Order because at the time of the entry of the Order, petitioner had not yet filed its reply.

Rule 72(b) of the Federal Rules of Civil Procedure provides that

> Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy.

Fed. R. Civ. P. 72(b)(2). This rule does not expressly grant the right to file a reply in opposition to a magistrate's recommended ruling. Cannon Partners, Ltd. v. Cape Cod Biolab Corp., 225 F.R.D. 247, 250 (N.D. Cal. 2003) ("Fed. R. Civ. P. 72(b) ... [does not] authorize[ ] the filing of a reply brief in support of objections to a magistrate judge's recommendation and report regarding a dispositive motion."). Courts evaluating whether a district court must give the parties the ten days to object to a magistrate judge's recommended ruling have ruled that the failure of a court to provide sufficient time to object is evaluated under a harmless error standard. See, e.g. McGill v. Goff, 17 F.3d 729, 731 (5th Cir. 1994) (evaluating district court's failure to allow objecting party 10 days to file objection to magistrate's report under a harmless error standard), overruled on other grounds, Kansa Reinsurance Co. v. Congressional Mortgage Corp., 20 F.3d 1362 (5th Cir. 1994); see also Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005); Habets v. Waste Mgmt., 363 F.3d 378, 381 (5th Cir. 2004) (reaffirming McGill).

Upon reconsideration, the Court concludes that its failure to provide petitioner with sufficient time to file a reply to the Recommended Ruling constituted harmless error. The Court had previously reviewed the Recommended Ruling as well as the parties' submissions related to it and has again concluded that the Recommended Ruling reflects a correct reading of the law applicable to the facts at hand. Therefore, the motion for reconsideration will be granted, and, upon review, the Court will adhere to its prior ruling.

**B.    Motion for Relief from Judgment**

Because, as the Court concluded above, its failure to provide petitioner with sufficient time to file a reply to the Recommended Ruling constituted harmless error, the

Court will deny petitioner's motion for relief from the judgment. To the extent that petitioner contends that there has been a "clear and unequivocal procedural irregularity partially depriving Carrington of the right to be heard," precedent suggest that petitioner's "right to be heard" was not infringed because of the Court's Order. See McGill, 17 F.3d at 731. Therefore, the motion, to the extent that it asks for relief from judgment, will be denied.

## C. Motion to Supplement the Record on Appeal

Rule 10(e) of the Federal Rules of Appellate Procedure provides, in pertinent part, that:

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A) on stipulation of the parties;
>
> (B) by the district court before or after the record has been forwarded; or
>
> (C) by the court of appeals.

Rule 10(e) is not meant to allow a party to supplement the record on appeal with new evidence that was not before the district court. Rather, the purpose of Rule 10(e) is to "correct omissions from - or misstatements in - the record on appeal, not to introduce new evidence in the court of appeals." Schreier v. Weight Waters Northeast Region, 872 F. Supp. 1, 3 (E.D.N.Y. 1994). The moving party must therefore establish that the evidence with which is seeks to supplement the record was "before the lower

4

court in the course of its proceedings leading to the judgment under review and was mistakenly omitted from the record." Xiao v. Continuum Health Partners, Inc., 2002 U.S. Dist. LEXIS 23673, *3 (S.D.N.Y. Dec. 9, 2002); see also J. Moore, 20 Moore's Federal Practice § 310.40[1][c] ("While Appellate Rule 10(e) grants the district and circuit courts latitude in correcting the record, it does not authorize the addition of new material.").

Because the material that petitioner seeks to introduce into the record was not before the Court at the time of the Order, it would be inappropriate to supplement the record on appeal with the reply at this stage.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration (Doc. #46) is GRANTED. Upon review, the Court adheres to its previous ruling. The Court DENIES the motion for relief from the judgment or to supplement the record on appeal.

Dated at Bridgeport, Connecticut, this 2d day of May, 2008.

                                              /s/
                                      Warren W. Eginton
                                      Senior United States District Judge